971 P.2d 45 (1999)
137 Wash.2d 357
Luc MARTINI, Respondent,
v.
The BOEING COMPANY, Petitioner.
No. 66239-8.
Supreme Court of Washington, En Banc.
Argued November 17, 1998.
Decided February 11, 1999.
*46 Jayne Lyn Freeman, Laura Peery Knechtel, Seattle, Amicus Curiae on Behalf of Washington Defense Trial Lawyers.
Susan B. Mindenbergs, Jeffrey Lowell Needle, Seattle, Amicus Curiae on Behalf of Washington Employment Lawyers Association.
Perkins, Coie, Russell Louis Perisho, Orna Ann Edgar, Seattle, for Petitioner.
Law Office of John Sheridan, John Sheridan, Seattle, for Respondent.
SANDERS, J.
Boeing seeks reversal of an award of lost wages following a jury finding that it had discriminated against an employee and argues that under Washington's law against discrimination a plaintiff cannot be awarded damages for front and back pay absent constructive discharge established as a separate cause of action. The issue before us is therefore whether a plaintiff with a successful discrimination claim under RCW 49.60.180(3) may recover front and back pay as part of his damages, if he establishes the same was proximately caused by an unlawful discrimination. We find Washington law clearly permits such a recovery and affirm the Court of Appeals.

I.

FACTS
Boeing hired Luc Martini in July 1978. He worked primarily in the AWACS[1] training organization, training Boeing customers (such as the U.S. and foreign governments) to work with the AWACS military aircraft.
*47 In January 1988 Martini was diagnosed as suffering from sleep apnea, following an incident when he fell asleep at the wheel of his car and drove off the road. If untreated, sleep apnea makes it difficult to breathe during sleep and results in deprivation of restful sleep and fatigue. Martini was prescribed a continuous positive air pressure (CPAP) machine which is worn during sleep to prevent the breathing cessation characteristic of sleep apnea. In 1989, after falling asleep and driving his car off the road for a second time, Martini asked his supervisor at Boeing for accommodations to help him manage his sleep apnea, including relocation and a flexible starting time.
In June 1990 Martini was scheduled to conduct AWACS training for the Royal Air Force in England. He became concerned about the trip to England because he feared the long travel time, which was to begin in the evening and extend well into the next day, would exacerbate his sleep apnea, causing increased health problems. Martini therefore requested vacation in lieu of the trip; however, on the understanding that Boeing would transfer him to a new position and accommodate his health concerns upon his return, he agreed to go to England to conduct the scheduled training.
Upon his return from England, Martini asked about being transferred to a new position and was told the personnel office was too busy to deal with his request. On the same day Martini was asked to prepare for a trip to France to conduct AWACS training courses scheduled to begin a few months later. Martini subsequently submitted a letter stating his intent to use his remaining leave and to terminate his employment with Boeing on August 20, 1990. On August 21, 1990, he signed papers terminating his employment. After leaving Boeing, Martini tried to find work, but was unsuccessful.
Martini commenced the present action against Boeing, claiming damages for disability discrimination and constructive discharge contrary to RCW 49.60 and seeking reinstatement. The trial court granted partial summary judgment in favor of Boeing, dismissing Martini's separate constructive discharge cause of action. The case then proceeded to jury trial on his disability discrimination claim.
The trial court rejected jury instructions proposed by Boeing which would have prevented Martini from recovering back pay (lost wages calculated from the date the employee stopped work until the date of the verdict) or front pay (calculated from the date of the verdict for a reasonably certain period of time that does not exceed the likely duration of employment) as damages for discrimination. The jury was instructed, however, that no damages could be awarded unless proximately caused by the discriminatory act.[2] By special verdict the jury found *48 Boeing had discriminated against Martini and had engaged in a closely related series of discriminatory acts contrary to RCW 49.60. The jury awarded Martini the following damages for Boeing's unlawful conduct: lost earnings ($205,356), lost future earnings ($480,932), pain, suffering, and emotional distress ($75,000), and past and future medical expenses ($15,000). Clerk's Papers (CP) at 1997. The trial court then entered judgment on the jury verdict.
Boeing appealed to Division One, claiming inter alia that, as Martini had not been constructively discharged, he could not be awarded damages for front and back pay. The Court of Appeals rejected the argument and affirmed the award of front and back pay. Martini v. Boeing Co., 88 Wash.App. 442, 945 P.2d 248 (1997). Boeing petitioned this court for review of the award of damages for front and back pay, and the petition was granted. 134 Wash.2d 1019, 958 P.2d 316 (1998).

II.

ANALYSIS
A. A Plaintiff with a Successful Disability Discrimination Claim under RCW 49.60.180(3) is not Required to Prove a Separate Claim of Constructive Discharge in Order to Obtain Damages for Front and Back Pay
Boeing argues damages for front and back pay cannot be awarded for an act of discrimination in violation of RCW 49.60.180(3) unless there is a separate, successful claim for discharge or constructive discharge under RCW 49.60.180(2). Although in this case the trial court granted a summary judgment motion in favor of Boeing, dismissing Martini's separate claim of constructive discharge, Boeing's argument must also encompass the situation where discrimination was proven and loss of income proximately resulted, but where a separate claim for wrongful dismissal was never brought. It does not follow that Mr. Martini is worse off for having his constructive discharge claim dismissed than he would have been had he never asserted it in the first place.
We note Boeing does not dispute that it must pay Martini some damages for its discrimination against him in violation of RCW 49.60.180(3): it does not challenge the jury's award of damages for pain, suffering, and emotional distress, or the damages for past and future medical expenses. The only question raised is whether damages for front and back pay must be exclusively predicated upon a finding of discharge or constructive discharge under RCW 49.60.180(2).
Boeing bases its argument upon two Washington cases, Binkley v. City of Tacoma, 114 Wash.2d 373, 787 P.2d 1366 (1990), and Glasgow v. Georgia-Pacific Corp., 103 Wash.2d 401, 693 P.2d 708 (1985), as well as numerous federal cases (Supplemental Br. of Pet'r at App. B) which it cites for the proposition that failure to prove constructive discharge in a Title VII discrimination case will bar damages for lost front and back pay. The Washington Defense Trial Lawyers filed an amicus curiae brief supporting Boeing's argument.
Martini argues all damages proximately caused by wrongful discrimination, including loss of pay, may be awarded as "actual damages" pursuant to RCW 49.60.030(2). He further argues an award of damages for front and back pay following a finding of discrimination in violation of RCW 49.60.180(3) is consistent with previous Washington cases, in particular Dean v. Municipality of Metro. Seattle-Metro, 104 Wash.2d 627, 708 P.2d *49 393 (1985); Curtis v. Security Bank, 69 Wash.App. 12, 847 P.2d 507 (1993); and Goodman v. Boeing Co., 75 Wash.App. 60, 877 P.2d 703 (1994), aff'd, 127 Wash.2d 401, 899 P.2d 1265 (1995), and that the cases cited by Boeing are not controlling. Martini cites Bulaich v. AT & T Info. Sys., 113 Wash.2d 254, 258-59, 778 P.2d 1031 (1989), the Washington case which adopted the doctrine of constructive discharge, arguing constructive discharge was intended to benefit employees, and that Boeing's proposition is contrary to the intent of Washington's law against discrimination as interpreted by this court. The Washington Employment Lawyers' Association filed a brief as amicus curiae which supports Martini's position.
1. Washington's law against discrimination (RCW 49.60) permits recovery of front and back pay for a successful discrimination claim when these damages are proximately caused by unlawful discrimination
The issue presented arises under Washington's law against discrimination, which mandates liberal construction, RCW 49.60.020 ("The provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof."); Holland v. Boeing Co., 90 Wash.2d 384, 387-88, 583 P.2d 621 (1978), and which this court has declared "embodies a public policy of the `highest priority.'" Xieng v. Peoples Nat'l Bank, 120 Wash.2d 512, 521, 844 P.2d 389 (1993) (quoting Allison v. Housing Auth., 118 Wash.2d 79, 821 P.2d 34 (1991)). We therefore turn first to the language of the statute:
It is an unfair practice for any employer:
(1) To refuse to hire any person because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person, unless based upon a bona fide occupational qualification: PROVIDED, That the prohibition against discrimination because of such disability shall not apply if the particular disability prevents the proper performance of the particular worker involved.
(2) To discharge or bar any person from employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person.
(3) To discriminate against any person in compensation or in other terms or conditions of employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person: PROVIDED, That it shall not be an unfair practice for an employer to segregate washrooms or locker facilities on the basis of sex, or to base other terms and conditions of employment on the sex of employees where the commission by regulation or ruling in a particular instance has found the employment practice to be appropriate for the practical realization of equality of opportunity between the sexes.
(4) To print, or circulate, or cause to be printed or circulated any statement, advertisement, or publication, or to use any form of application for employment, or to make any inquiry in connection with prospective employment, which expresses any limitation, specification, or discrimination as to age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person, or any intent to make any such limitation, specification, or discrimination, unless based upon a bona fide occupational qualification: PROVIDED, Nothing contained herein shall prohibit advertising in a foreign language.
RCW 49.60.180 (emphasis added).
One of the acts prohibited by the law against discrimination is discrimination by an employer against an employee because of "the presence of any sensory, mental, or physical disability." RCW 49.60.180(3). In a separate subsection, an employer is also prohibited from discharging an employee because of inter alia "the presence of any sensory, mental, or physical disability." RCW *50 49.60.180(2). The subsection dealing with unlawful discharge of an employee has been interpreted to include a prohibition against constructive discharge.[3]Bulaich v. AT & T Info. Sys., 113 Wash.2d 254, 259, 778 P.2d 1031 (1989) ("Today, we firmly grasp the doctrine of constructive discharge as a means to protect against employment discrimination. For we recognize that insidious acts are able to erode the Legislature's laudable goals just as effectively, and perhaps in a more demoralizing fashion, than a direct termination would otherwise accomplish"). A wrongful act of discrimination under the statute does not necessarily lead to discharge of the employee, but it is possible that discharge or constructive discharge can result from such an act. However, since the statute deals separately with unlawful discrimination against an employee and unlawful discharge of an employee, it is clear that each of these acts amounts to a different violation of the law against discrimination and gives rise to a separate cause of action under the statute. This would be true even if the claim for discrimination and the claim for discharge arose from the employer's same act.
Specifically relevant to the claim in the present case, the law against discrimination expressly provides:
Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964....
RCW 49.60.030(2) (emphasis added).
This plain statutory language makes it clear that a person who suffers from any violation of the statute shall have a claim for damages. A person who was discriminated against by an employer in violation of RCW 49.60.180(3) would therefore have a claim for damages under RCW 49.60.030(2). This claim could be asserted regardless of whether or not the employee had been discharged or constructively discharged in violation of RCW 49.60.180(2). The statute clearly does not require that a discharge violating RCW 49.60.180(2) must occur as a condition precedent to a claim for damages under RCW 49.60.030(2). To the contrary, the statutory language unambiguously states that any violation of the statute will form a basis for a claim for damages.
Furthermore, RCW 49.60.030(2) unambiguously states that when any violation of the statute occurs, the person injured shall have a claim for "actual damages." "Actual damages" is a
[t]erm used to denote the type of damage award as well as the nature of injury for which recovery is allowed; thus, actual damages flowing from injury in fact are to be distinguished from damages which are nominal, exemplary or punitive. Rasor v. Retail Credit Co., 87 Wash.2d 516, 554 P.2d 1041, 1049. "Actual damages" are synonymous with compensatory damages.
Black's Law Dictionary 35 (6th ed.1990).
As the dictionary definition notes, Washington courts have interpreted the term "actual damages" in this manner. Rasor v. Retail Credit Co., 87 Wash.2d 516, 530, 554 P.2d 1041 (1976) (stating that actual damages "encompass all the elements of compensatory awards"); Sing v. John L. Scott, Inc., 83 Wash.App. 55, 70, 920 P.2d 589 (1996), rev'd on other grounds, 134 Wash.2d 24, 948 P.2d 816 (1997). Thus RCW 49.60.030(2) provides a person who has been discriminated against in violation of RCW 49.60.180(3) with a remedy for full compensatory damages, excluding only nominal, exemplary or punitive damages.
*51 It is significant that there is nothing in the plain language of the statute which conditions an award of damages for front or back pay for a violation of RCW 49.60.180(3) upon a separate and successful claim for wrongful discharge under RCW 49.60.180(2). The statute does not in any way limit the type of compensation that can be claimed for discrimination violating RCW 49.60.180(3), but the usual rules which govern the elements of damage for which compensation may be awarded apply. Cf. 6A Washington Pattern Jury Instructions: Civil 330.81, at 256 (1997) (WPI) (including back pay and front pay in jury instruction addressing compensation for employment discrimination, but stating that jury's verdict for the plaintiff must include "such damages as you find were caused by the acts of the defendants"); CP at 1488 (jury instruction following WPI 330.81). In the present case, the jury was instructed that only lost pay which was proximately caused by an unlawful act of discrimination could be awarded (CP at 1494) and that Martini had a duty to mitigate his damages. CP at 1493. The determinations of both proximate cause and mitigation are factual matters for the jury, operating to limit front and back pay awards in cases where there has been discrimination but no finding of constructive discharge.
The plain language contained in the law against discrimination therefore does not support Boeing's argument. To the contrary, the statute provides for full compensatory damages whenever it is violated.
There is nothing in Washington case law to contradict our interpretation of the law against discrimination. We are not persuaded by Boeing's argument that this court in Binkley, 114 Wash.2d 373, 787 P.2d 1366, and Glasgow, 103 Wash.2d 401, 693 P.2d 708, applied the rule it argues for, namely that absent a finding of constructive discharge, damages for front and back pay cannot be awarded.
In Binkley an employee claimed violation of his free speech rights and constructive discharge. A jury found in favor of the employee on the free speech issue, but also found that there was no constructive discharge. Binkley, 114 Wash.2d at 381, 787 P.2d 1366. We vacated the jury verdict on the free speech issue and affirmed on the constructive discharge claim.
Boeing relies on a statement in Binkley that "back pay could have been awarded only if Binkley was constructively discharged." Binkley, 114 Wash.2d at 390, 787 P.2d 1366. However, this statement is obiter dictum and is taken out of context. The plaintiff was unsuccessful in both his constitutional claim of violation of his free speech rights and his claim for constructive discharge. He therefore had no basis for an entitlement to damages and the court's statement about the damages that the plaintiff might have claimed if the substantive issues had been decided differently have no bearing on whether loss of pay can be awarded in a wrongful discrimination suit.
Furthermore, Binkley is not on point and can be distinguished from the case at bar, since Binkley involved a free speech issue and did not involve a claim under RCW 49.60. Boeing's argument that Binkley controls is therefore unpersuasive, as is its analysis of the language in the Binkley decision.
Boeing also relies on Glasgow v. Georgia-Pacific Corp., 103 Wash.2d 401, 693 P.2d 708 (1985). In Glasgow we set out the test under RCW 49.60.180(3) for discrimination due to sexual harassment, finding that the plaintiffs suffered discrimination in violation of the statute and affirming an award of damages for "physical, emotional and mental suffering." Glasgow, 103 Wash.2d at 407, 693 P.2d 708. However, we noted that "the evidence in this case was not sufficient to convince the trial court, as the trier of fact, that either of the employees' resignations constituted a constructive discharge such as to justify additional damages on account thereof." Glasgow, 103 Wash.2d at 408, 693 P.2d 708. Boeing relies on this statement to support its argument that following a finding of discrimination, damages may never be awarded for front and back pay in absence of a separate finding of constructive discharge.
Although Glasgow deals specifically with RCW 49.60, it does not explicitly address the issue presented in the case now before us. Nor did Glasgow specifically mention *52 front or back pay, referring only to "additional damages." Id. at 408, 693 P.2d 708. There is nothing in Glasgow which suggests a different kind of damages can be claimed for a constructive discharge violation of the law against discrimination as opposed to a discrimination violation of the statute. At best, Glasgow simply suggests that a different amount of damages might be awarded in a case where there was constructive discharge (the suggestion being that where an employee is constructively discharged, higher damages may be appropriate). For these reasons Glasgow does not support Boeing's argument and does not control.
In response to Boeing's argument, Martini cites Dean v. Municipality of Metro. Seattle-Metro, 104 Wash.2d 627, 708 P.2d 393 (1985). Dean involved a bus driver employed by Metro who suffered from a severe loss of vision in one eye and resigned when he was unable to transfer to a Metro job which did not involve driving. The bus driver brought a claim against his employer under RCW 49.60, arguing the employer had failed in its duty to reasonably accommodate his disability. At trial the jury was instructed damages could be awarded for inter alia emotional distress and "[t]he reasonable value of earnings lost with interest." Dean, 104 Wash.2d at 641, 708 P.2d 393. The jury found in favor of the plaintiff and awarded him damages. On direct review we considered Metro's argument that damages for emotional distress could not be awarded under RCW 49.60.030(2) which provides for "actual damages." We upheld the award of damages for emotional distress, stating:
Under RCW 49.60, proof of discrimination results in a finding of liability. The plaintiff, once having proved discrimination, is only required to offer proof of actual anguish or emotional distress in order to have those damages included in recoverable costs pursuant to RCW 49.60. The damages result from the injury, the discrimination.

Dean, 104 Wash.2d at 641, 708 P.2d 393 (emphasis added). In this discussion, we refer to only one factor limiting an award of damages under RCW 49.60.030(2): damages must be proximately caused by the wrongful action, resulting directly from the violation of RCW 49.60. The jury instruction approved in Dean contains the same elementsincluding pay lossas the instruction at issue in the present case.
Boeing argues that Dean is not applicable to the present case because it does not address the constructive discharge doctrine. However, for the purposes of deciding the issue currently before us, Dean is more informative than a case about constructive discharge because Dean interprets RCW 49.60.030(2) which provides for damages for violation of the law against discrimination.[4]
Although Dean did not directly address the issue presented in the case at bar, it should be noted that in Dean the instruction to the jury to award damages for lost earnings (with interest thereon) was not challenged by the parties and was affirmed by this court. Furthermore, the reasoning in Dean suggests that damages which are proximately caused by the wrongful action may be claimed. Although not directly controlling, Dean is in contradiction to the argument made by Boeing that in certain situations a victim of discrimination in violation of RCW 49.60.180(3) may not claim front or back pay.
In Curtis v. Security Bank, 69 Wash.App. 12, 847 P.2d 507 (1993), a bank employee who developed an arthritic hip and was voluntarily laid off claimed she had been discriminated against in violation of RCW 49.60 by her employer's failure to reasonably accommodate her disability. The trial court entered judgment in the employee's favor, awarding damages for front and back pay. The employer appealed and the award of damages was affirmed.
Although Curtis does not explicitly address the issue in the present case, it indicates that Washington courts have been willing to affirm awards of damages for front and back pay under RCW 49.60 in cases where there has been no constructive discharge. Indeed *53 it seems the propriety of an award for lost pay in a discrimination case was so obvious there was no need for the parties or the court to mention it.
We therefore find that the case law interpreting RCW 49.60 does not support Boeing's argument. Binkley and Glasgow are not controlling and Dean is clearly inconsistent with the position advocated by Boeing.
2. Since Title VII and Washington's law against discrimination have significantly different remedies provisions, Title VII case law is clearly inapplicable to the resolution of the present case
To further its argument Boeing places much reliance on federal cases interpreting Title VII of the Civil Rights Act of 1964. Pet. for Review at 11-13; Supplemental Br. of Pet'r at 11-14 and App. B (citing, e.g., Odima v. Westin Tucson Hotel, 53 F.3d 1484 (9th Cir.1995); Sanchez v. City of Santa Ana, 915 F.2d 424 (9th Cir.1990); Thorne v. City of El Segundo, 802 F.2d 1131 (9th Cir. 1986); Satterwhite v. Smith, 744 F.2d 1380 (9th Cir.1984)).
Title VII and Washington's law against discrimination both prohibit certain discriminatory acts. However the scope of Title VII is not as broad as RCW 49.60 since Title VII does not protect against discrimination because of marital status, age or disability. Compare 42 U.S.C. § 2000e-2 with RCW 49.60.180; but see Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (protecting against discrimination because of disability). Nor does Title VII contain a direction for liberal interpretation, such as is the mandate in Washington's law against discrimination. RCW 49.60.020; see discussion II(A)(1), at 9, supra.
For the purpose of the present case it is therefore important to compare the damages provisions of Title VII and Washington's law against discrimination. Title VII provides:
If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay... or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.
42 U.S.C. § 2000e-5(g)(1) (emphasis added). Title VII was amended in 1991 to allow for recovery of compensatory and punitive damages in addition to the available equitable remedies. 42 U.S.C. § 1981a(a). However, compensatory damages were so defined as to exclude an award of back pay:
Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e-5(g)].
42 U.S.C. § 1981a(b)(2).
Title VII therefore explicitly regards back pay as an equitable remedy awarded under 42 U.S.C. § 2000e-5(g)(1) in cases where reinstatement is appropriate. Federal courts have interpreted Title VII in this way, limiting the circumstances in which back pay may be awarded so as to be consistent with the statutory scheme to provide primarily equitable relief. The Seventh Circuit noted in Brooms v. Regal Tube Co., 881 F.2d 412, 423 (7th Cir.1989):
Title VII only provides for equitable relief; a district court cannot award damages, either punitive or compensatory, to redress a violation of Title VII. Consequently, a district court may award back pay to a plaintiff only as an equitable remedy, i.e., if a plaintiff can demonstrate that the defendant discharged him or her, either actually or constructively.
Id. at 423 (citations omitted) (footnote omitted). See also Rodgers v. Western-Southern Life Ins. Co., 12 F.3d 668, 677 (7th Cir.1993) ("Because Title VII provides only for equitable *54 relief, a district court may award back pay to a plaintiff only if the plaintiff can demonstrate that the defendant discharged him or her, either actually or constructively.").
In contrast to the remedies provisions of Title VII, Washington's law against discrimination provides:
Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including a reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964....
RCW 49.60.030(2) (emphasis added).
The plain language of this provision directly authorizes various remedies for violation of the statute. Although RCW 49.60.030(2) also contemplates equitable remedies, such as power to enjoin future violations and to provide for any of the Title VII remedies, the provision very explicitly allows for recovery of "actual damages" which may be awarded as either a sole remedy or in conjunction with an equitable remedy such as an injunction. And, as previously determined, "actual damages" include full compensatory damages. Rasor v. Retail Credit Co., 87 Wash.2d 516, 554 P.2d 1041 (1976); see discussion II(A)(1), at 13-14, supra.
The remedies section of Washington's law against discrimination is therefore radically different from the remedies section of Title VII. Title VII specifically mentions back pay but excludes such an award from compensatory damages, leaving back pay as primarily an equitable device. But in contrast Washington's law against discrimination provides for a general award of "actual" (or compensatory) damages, with no limitation, qualification, or indication that back pay should be excluded.
Since the remedies provisions of Title VII and Washington's law against discrimination are so different, the Title VII cases cited by Boeing barring an award of back pay absent a finding of constructive discharge are clearly distinguishable from the present case which involves a violation of state law.
Although these differences between Title VII and Washington's law against discrimination are alone sufficient to distinguish the federal cases cited by Boeing, the Title VII remedies provision can be distinguished on another ground. The use of the word "may" in the remedies provision of Title VII makes it clear that an award of back pay for a breach of Title VII is not mandated by the statute. 42 U.S.C. § 2000e-5(g)(1) (stating that when the statute has been violated, the court "may" order affirmative action which "may" include reinstatement with or without back pay). In contrast, Washington's law against discrimination is more categorical, mandating that a victim of a violation of the statute "shall have a civil action ... to recover the actual damages." RCW 49.60.030(2) (emphasis added). The legislative command to award damages is therefore stronger in Washington's statute than in Title VII.
Since the Title VII remedies provision is so markedly different from the remedies provision of Washington's law against discrimination, we find the federal cases cited by Boeing distinguishable.
3. Prohibiting an award of back or front pay for wrongful discrimination absent a successful constructive discharge claim would not further the policy behind Washington's law against discrimination
Boeing makes a policy argument that prohibiting a back pay award for violation of RCW 49.60.180(3) in cases where there is no constructive discharge would further the aims of Washington's law against discrimination. The Ninth Circuit has acknowledged this argument in the context of Title VII:
[t]he purposes of Title VII are best served when parties, where possible, attack discrimination within the context of their existing employment relationships.... Restricting backpay awards encourages the employee to work with supervisors within the existing job setting and employment relationship in an effort to overcome resistance within that workplace and to eradicate the discrimination.
*55 Thorne v. City of El Segundo, 802 F.2d 1131, 1134 (9th Cir.1986).
However, this argument does not take into account the burden litigation places upon plaintiffs and the inherent disincentive to quit and litigate rather than to stay on the job. Plaintiffs who leave their place of employment potentially face long and difficult battles to obtain damages for discriminationeven if they can prove that they have been discriminated against and can prove the discrimination was the proximate cause of lost pay, it could still be years before damages are obtained. The present case provides a good example: Martini left Boeing in 1990, and his case is still in litigation eight years later. A rational employee is unlikely to decide that quitting and suing is easier than attempting to resolve a dispute in the workplace.
To the contrary, allowing the possibility of damages for back pay where an employer has violated the law against discrimination provides an incentive for employers to work with employees in the workplace to eradicate discrimination. Furthermore, the law against discrimination provides a remedy for the employee who had been discriminated against and the liberal interpretation provision of the statute operates to protect that remedy. RCW 49.60.020. In any event, the doctrine of proximate cause operates to prevent an employee from claiming back pay where the termination of employment was not caused by the wrongful act.
B. Attorney Fees are Awarded to Martini
Martini argues we should award him his reasonable attorney fees and costs for responding to this appeal. Answer to Pet. for Review at 20; see RAP 18.1(a) ("If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review, the party must request the fees or expenses as provided in this rule...."). Martini bases his claim for attorney fees and costs upon Washington's law against discrimination, which states:
Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including a reasonable attorneys' fees ....
RCW 49.60.030(2) (emphasis added). In light of our rejection of Boeing's arguments, we find Martini should be awarded attorney fees and costs on appeal in addition to the attorney fees and costs awarded by the trial court.
The Court of Appeals remanded to the trial court to determine the amount of attorney fees due Martini for trial and also for appeal to the Court of Appeals, Martini v. Boeing Co., 88 Wash.App. 442, 945 P.2d 248, 263 (1997), as do we. RAP 18.1(i) ("The appellate court may direct that the amount of fees and expenses be determined by the trial court after remand.").

III.

CONCLUSION
The plain language of Washington's law against discrimination provides a remedy of actual (or compensatory) damages for an employee who has been injured in violation of RCW 49.60. The statute does not predicate an award of back pay for discrimination upon a separate finding of constructive discharge. Washington case law, in particular Dean, supports the proposition that back pay may be awarded for a discriminatory act in violation of RCW 49.60.180(3) even if there is no finding of constructive discharge, so long as the damages were proximately caused by the wrongful act. The Title VII case law cited by Boeing must be distinguished because the Title VII damages provision differs markedly from Washington's law against discrimination. We affirm the Court of Appeals.
We award Martini attorney fees on appeal and remand to the trial court to determine the amount of attorney fees to be awarded.
GUY, C.J., and DURHAM, SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, JJ., and DOLLIVER, J.P.T., concur.
NOTES
[1] AWACS is an airplane with cutting-edge radar technology. Report of Proceedings (RP) at 546, 572.
[2] Jury instruction 18 states:

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered. If your verdict is for the plaintiff, you must determine the amount of money which will reasonably and fairly compensate him for such damages as you find were proximately caused by the acts of the defendant.
You should consider the following elements:
(1) The pain, suffering and emotional distress experienced in the past and present and with reasonable probability to be experienced in the future;
(2) The reasonable value of past earnings and benefits lost.
(3) The present cash value of the earnings which will (with reasonable probability) be lost in the future.
(4) The reasonable value of necessary medical care, treatment, and services, including vocational rehabilitation services, incurred to the present time and those with reasonable probability of being required in the future.
The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. In determining an award for pain, suffering or emotional distress, the law requires a reasonable basis for your computations. With reference to these matters you must be governed by your own judgment, by the evidence in the case and by these instructions.
Clerk's Papers (CP) at 1488.
Jury instruction 20 states:
You must determine whether or not Boeing's actions caused Mr. Martini to lose compensation (including salary and benefits) of a certain dollar amount between the time he stopped working for Boeing to the present. You must also determine whether or not Boeing's actions caused Mr. Martini to lose compensation in the future. Damages for compensation lost prior to trial are called "back pay" or "past earnings," and damages for compensation lost after trial are called "front pay" or "lost future earnings."
"Back pay" or "past earnings" are calculated from the date Mr. Martini stopped working to the date of your verdict. "Front pay" or "lost future earnings" may be awarded from the date of your verdict for a reasonably certain period of time that does not exceed the likely duration of employment. It is the employees' burden to prove "front pay" or "lost future earnings" for a reasonably certain period of time.
You must decide what amount of back and front pay, if any, Mr. Martini is entitled to under the evidence in this case.
CP at 1490.
[3] Constructive discharge occurs where an employer forces an employee to quit by making that employee's work conditions intolerable. Barrett v. Weyerhaeuser Co. Severance Pay Plan, 40 Wash. App. 630, 631, 700 P.2d 338 (1985). The doctrine of constructive discharge has been described by this court as requiring "a deliberate act of the employer creating the intolerable condition, without regard to the employer's mental state as to the resulting consequence." Bulaich, v. AT & T Info. Sys., 113 Wash.2d 254, 261, 778 P.2d 1031 (1989).
[4] Boeing makes the same argument about Curtis v. Security Bank, 69 Wash.App. 12, 847 P.2d 507 (1993) which is cited by Martini. However, this argument fails for the same reason that Boeing's argument about Dean fails, since Curtis also interprets RCW 49.60.